MORRIS PICKERING PETERSON & TRACHOK
Steve Morris, Bar No. 1543
Rosa Solis-Rainey, Bar No. 7921
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 474-9400
Facsimile: (702) 474-9422

Attorneys for Harrah's Entertainment, Inc.,
Gary W. Loveman & Charles L. Atwood

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE HARRAH'S SHAREHOLDER LITIGATION | ) CASE NO: 2:06 ____________ |
| | ) **NOTICE OF REMOVAL** |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

PLEASE TAKE NOTICE that on this date, the undersigned defendants, Harrah's Entertainment, Inc. ("Harrah's" or the "Company"), Gary W. Loveman, and Charles L. Atwood, by and through their undersigned counsel, respectfully submit this Notice of Removal of the captioned action pursuant to 15 U.S.C. §§ 77p(c) and 78bb(f)(2), and 28 U.S.C. §§ 1441(a) and (b) and 1446, removing this action from the District Court of Clark County, Nevada, in which the action is currently pending, to the United States District Court for



MORRIS PICKERING
PETERSON & TRACHOK
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

the District of Nevada. This Court has original jurisdiction over this matter pursuant to 15 U.S.C. § 77 *et seq.* and 28 U.S.C. § 1331.

In support of this Notice of Removal, Defendants state the following facts that entitle them to remove:

1. On or about October 3, 2006, plaintiff Natalie Gordon commenced an action captioned *Gordon v. Harrah's Entertainment, Inc., et al.*, Case No. A529183 (the "Gordon Action"), in the District Court of Clark County, Nevada. *See* Complaint, and Initial Appearance Form, attached hereto as Ex. A.

2. On or about October 3, 2006, plaintiff Lou Ann Murphy commenced an action captioned *Murphy v. Harrah's Entertainment, Inc., et al.*, Case No. A529246 (the "Murphy Action"), in the District Court of Clark County, Nevada. *See* Ex. Complaint, and Initial Appearance Form, attached hereto as B.

3. On or about October 3, 2006, plaintiff Max Phillips commenced an action captioned *Phillips v. Harrah's Entertainment, Inc., et al.*, Case No. A529184 (the "Phillips Action"), in the District Court of Clark County, Nevada. *See* Complaint and Initial Appearance Form, attached hereto as Ex. C.

4. On or about October 3, 2006, plaintiff Leonard Shapiro commenced an action captioned *Shapiro v. Alexander, et al.*, Case No. A529247 (the "Shapiro Action"), in the District Court of Clark County, Nevada. *See* Complaint and Initial Appearance Form, attached hereto as Ex. D.

5. On or about October 4, 2006, plaintiff Deborah Barnum commenced an action captioned *Barnum v. Alexander, et al.*, Case No. A529277 (the "Barnum Action") in the District Court of Clark County, Nevada. *See* Complaint and Initial Appearance Form, attached hereto as Ex. E.

6. An Order signed by the Honorable Kathy A. Hardcastle on October 6, 2006 consolidated the Gordon Action, the Murphy Action, the Phillips Action, the Shapiro Action, and the Barnum Action, as well as "[a]ll actions filed

MORRIS PICKERING
PETERSON & TRACHOK
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

in the future in this District or transferred to this District that allege claims arising out of the same or substantially similar facts," into an action captioned *In re Harrah's Shareholder Litigation*, Master File No. A529183. *See* Notice of Entry of Order, which includes the signed Order, attached hereto as Ex. F. The Order provides that "[i]f any other case alleging claims arising out of the same or substantially similar facts as alleged in the Consolidated Actions is filed in this Court," the clerk shall file a copy of the Order in the separate file for the related case; mail a copy of the Order to plaintiff's counsel in the related case and to each defendant not already included in the Consolidated Action; and make an entry in the Master Docket. The term "Consolidated Action" as used herein refers to the action encompassed by Consolidated Class Action Complaint ("Consolidated Complaint") filed on October 17, 2006, *see* Ex. G, and the complaints filed in the Iron Workers, Staehr, Berliner, and Frechter Actions (discussed below).

7. On or about October 5, 2006, plaintiff Iron Workers Tennessee Valley Pension Fund commenced an action captioned *Iron Workers Tennessee Valley Pension Fund v. Harrah's Entertainment, Inc., et al.*, Case No. A529449 (the "Iron Workers Action"), in the District Court of Clark County, Nevada. *See* Complaint, Jury Demand, and Initial Appearance Form, attached hereto as Ex. H.

8. On or about October 5, 2006, plaintiff Steve Staehr commenced an action captioned *Staehr v. Harrah's Entertainment, Inc., et al.*, Case No. A529385 (the "Staehr Action"), in the District Court of Clark County, Nevada. *See* Complaint, Jury Demand, and Initial Appearance Form, attached hereto as Ex. I.

9. On or about October 6, 2006, plaintiff Martin Berliner commenced an action captioned *Berliner v. Harrah's Entertainment, Inc., et al.*, Case No. A529508 (the "Berliner Action"), in the District Court of Clark County,

MORRIS PICKERING
PETERSON & TRACHOK
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

Nevada. *See* Complaint, Jury Demand, and Initial Appearance Form, attached hereto as Ex. J.

10. On or about October 10, 2006, plaintiff Jay Frechter commenced an action captioned *Frechter v. Harrah's Entertainment, Inc., et al.*, Case No. A529680 (the "Frechter Action"), in the District Court of Clark County, Nevada. *See* Complaint, Jury Demand, and Initial Appearance Form, attached hereto as Ex. K.[1]

11. On October 17, 2006, plaintiffs in the Gordon, Murphy, Phillips, Shapiro, and Barnum Actions filed the Consolidated Complaint (Ex. G). The Consolidated Complaint purports to assert claims against the Defendants arising out of an offer pursuant to which two private equity firms, Apollo Management L.P. ("Apollo") and Texas Pacific Group ("TPG"), have proposed to acquire all the outstanding shares of Harrah's (the "Offer"). There is no allegation that Harrah's has approved any such transaction or that any agreement has been reached with respect to any potential transaction.

12. The crux of the Consolidated Complaint is that the Defendants "have withheld and obscured vital information" in connection with the Offer, Ex. G Consol. Compl. 4, and that Defendants have engaged in manipulative and deceptive conduct in connection with the Offer. Specifically, the Consolidated Complaint alleges, *inter alia*, that "Defendants' timing of the announcement of the [Offer] has placed an artificial lid on the market price of Harrah's stock so that the market will not reflect the Company's improving potential, thereby purporting to justify an unreasonably low price," *id.* 46; that Defendants "in bad faith and for improper motives [] have impeded or erected

---

[1] While the Iron Workers Action, Staehr Action, Berliner Action, and Frechter Action are part of the Consolidated Action, the complaints in those actions do not appear to be included in the Consolidated Class Action Complaint. Accordingly, their allegations are separately addressed here.

MORRIS PICKERING
PETERSON & TRACHOK
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

barriers to discourage other offers for the Company or its assets," *id.* 55(f); and that the Company retained financial advisors with a conflict of interest "to safeguard against receiving an unfavorable fairness opinion," *id.* 48. The Iron Workers[2] and Staehr Complaints contain similar allegations. *See, e.g.,* Ex. H Iron Workers Compl. 10, 48 (alleging "false, misleading and deceptive practices" in connection with, *inter alia,* the timing of the Offer); Ex. I Staehr Compl. 27 ("Defendants are knowingly or recklessly breaching their fiduciary duties of candor and good faith by failing to disclose all material information concerning the [Offer].").

13. The Consolidated Action is styled as a shareholder class action brought by plaintiffs on behalf of all holders of Harrah's common stock who "are being and will be harmed by [D]efendants' actions," excluding Defendants and their affiliates. Consol. Compl. 53; *see also* Iron Workers Compl. 31 (nearly identical class definition); Staehr Compl. 29 (same).

14. The Consolidated Complaint alleges two causes of action, one against the individual defendants for breach of fiduciary duty, and one against Apollo and TPG for aiding and abetting a breach of fiduciary duty. The Iron Workers and Staehr Complaints each plead a single claim for breach of fiduciary duty; these actions do not name Apollo and TPG as defendants.

**This Consolidated Action is Removable Pursuant to the Securities Litigation Uniform Standards Act of 1998**

15. This Court has subject matter jurisdiction over the Consolidated Action pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), which amended Section 28 of the Securities Exchange Act

---

[2] The complaints in the Iron Workers, Berliner, and Frechter Actions are substantively identical, down to the numbering of the paragraphs. The complaints in these three actions are here and will hereinafter be referred to collectively as the "Iron Workers Complaint."

MORRIS PICKERING
PETERSON & TRACHOK
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

of 1934 (15 U.S.C. § 78bb)[3] by adding, *inter alia*, paragraph (f)(2), "Removal of covered class actions." This subsection provides: "Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1)." 15 U.S.C. § 78bb(f)(2). Paragraph (1), referred to in the preceding removal provision, prohibits a private party from maintaining a "covered class action based upon the statutory or common law of any State or subdivision thereof" alleging:

(A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or

(B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1).

16. The Consolidated Complaint, as well as the Iron Workers, Berliner, Frechter, and Staehr Complaints, meet each of the elements set forth in SLUSA.

**Covered Class Action**

17. The Consolidated Action qualifies under SLUSA as a "covered class action," which is one in which "damages are sought on behalf of more than 50 persons or prospective class members," or where "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated," and common questions of law and fact predominate over questions affecting individual persons or class members. 15 U.S.C. § 78bb(f)(5)(B)(i)(I) & (II).

---

[3] The Securities Act of 1933 was likewise amended by SLUSA at 15 U.S.C. § 77p.

MORRIS PICKERING
PETERSON & TRACHOK
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

**Covered Security**

18. The Consolidated Action similarly satisfies the requirement that the securities be "covered securit[ies]," a term the Uniform Standards Act borrows from Sections 18(b)(1) and (2) of the Securities Act of 1933 (15 U.S.C. § 77r(b)). *See* 15 U.S.C. § 77bb(f)(5)(E). A covered security includes any security "listed, or authorized for listing, on the New York Stock Exchange." 15 U.S.C. § 77r(b)(1)(A), (B). Harrah's shares trade on the New York Stock Exchange under the symbol HET.

**Alleged Misrepresentation or Omission**

19. Under SLUSA, an action may qualify as a covered class action if it brings a state law claim alleging "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1)(A). The Consolidated Action alleges such misrepresentations or omissions of material fact in connection with the purchase or sale of Harrah's securities.

**Alleged Manipulative or Deceptive Device or Contrivance**

20. The claims in the Consolidated Action also rest on allegations that Defendants "used or employed [a] manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1)(B). The Consolidated Action likewise contains allegations that Defendants engaged in a manipulative scheme to depress the market price of Harrah's stock and to deprive Harrah's shareholders of adequate consideration for their shares.

MORRIS PICKERING
PETERSON & TRACHOK
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

**SLUSA's Exemption For Certain Actions Does Not Apply**

21. SLUSA exempts certain actions from its scope if they involve:

(I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or

(II) any recommendation, position, or other communication with respect to the sale of securities of an issuer that

(aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and

(bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

*Id.* § 78bb(f)(3)(A).

22. The Consolidated Action falls under neither prong (I) or (II) of the exemption. The allegations do not involve the purchase or sale of securities by Harrah's or an affiliate of Harrah's exclusively from or to holders of Harrah's stock. Nor are there any allegations involving a "recommendation, position, or other communication" made by Harrah's or its affiliates concerning "decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights."

23. Further, without regard to the content of the alleged communications, the exemption does not apply to claims against Apollo and TPG. The Consolidated Action does not allege any purchase or sale of securities by Apollo and/or TPG or its affiliates exclusively from or to their own equity holders. Further, the second prong of the exemption only applies to a recommendation, position, or other communication "made by or on behalf of the

MORRIS PICKERING
PETERSON & TRACHOK
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

issuer or an affiliate of the issuer to holders of equity securities of the issuer." The claims against Apollo and TPG thus provide an independent basis for SLUSA preemption of the Consolidated Action without regard to whether the claims against Harrah's and its affiliates are sustainable under SLUSA.

24. Because the Consolidated Action falls within the terms of SLUSA, it must be brought in federal court, under federal law, and not upon the statutory or common law of Delaware or Nevada. 15 U.S.C. §§ 77p(b) and 78bb(f)(1).

25. The first complaint was filed on October 3, 2006, and removal is thus timely under 28 U.S.C. § 1446(b).

26. All Defendants named in the Consolidated Action consent to removal. Written consents on behalf of all Defendants other than the undersigned are attached hereto as Exhibit L. The Notices of Appearance and Initial Disclosures filed with the District Court of Clark County on behalf of Defendants Harrah's, Loveman, and Atwood are attached hereto as Exhibit M.

27. By filing this Notice of Removal, the Defendants do not waive any defenses that may be available to them.

28. At the time of removal, two motions were pending before the District Court of Clark County, which are attached hereto as Exhibit N.

29. A copy of this Notice will be filed with the Clerk of the District Court of Clark County, Nevada, as required by 28 U.S.C. § 1446(d).

MORRIS PICKERING
PETERSON & TRACHOK
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

30. The Defendants will give written notice of the filing of this Notice to all adverse parties, as required by 28 U.S.C. § 1446(d).

Dated this 25th of October, 2006.

MORRIS PICKERING PETERSON & TRACHOK

By: [signature]
Steve Morris, Bar No. 1543
Rosa Solis-Rainey, Bar No. 7921
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

Attorneys for Harrah's Entertainment, Inc., Gary W. Loveman & Charles L. Atwood

MORRIS PICKERING PETERSON & TRACHOK
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS PICKERING PETERSON & TRACHOK, and that the following documents were served via electronic service: **NOTICE OF REMOVAL**

TO: none

I further certify that I am familiar with the firm's practice of collection and processing documents for mailing; that in accordance therewith, I caused the above-named document to be deposited with the U.S. Postal Service at Las Vegas, Nevada, in a sealed envelope, with first class postage prepaid, on the date and to the addressee(s) shown below:

G. Mark Albright
Albright, Stoddard, Warnick & Albright
801 South Rancho Drive #D4
Las Vegas, Nevada 89106
Fax: (702) 384-0605

Michael N. Feder
Beckley Singleton, Chtd.
530 Las Vegas Blvd., South
Las Vegas, Nevada 89101
Fax: (702) 385-9447

Antonio Vozzolo
Nadeem Faruqi
Shane T. Rowley
Faruqi & Faruqi, LLP
320 East 39th Street
New York, New York 10016
Fax: (212) 983-9331

DATED this 25th day of October, 2006.

By [signature]



MORRIS PICKERING
PETERSON & TRACHOK
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422