MORRIS PICKERING & PETERSON
Steve Morris, Bar No. 1543
Rosa Solis-Rainey, Bar No. 7921
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Tel: (702) 474-9400
Fax: (702) 474-9422

*Attorneys for Defendants Harrah's Entertainment, Inc., Gary W. Loveman & Charles L. Atwood*

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re HARRAH'S SHAREHOLDER LITIGATION | ) Case No. 2:06-cv-01356-PMP-(LRL)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO DISMISS**

Defendants now move this Court for an order pursuant to Fed. R. Civ. P. 12(b)(6), 15 U.S.C. §§ 77p(b), and 15 U.S.C. §§ 78bb(f)(1) dismissing plaintiffs' Consolidated Class Action Complaint without leave to replead on the grounds that the causes of action alleged therein are precluded by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). As set forth in the Memorandum of Law in Support of Defendants' Motion to Dismiss, this action is required to be dismissed by the plain terms of SLUSA and the governing case law.

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS

## Preliminary Statement

Defendants respectfully submit this memorandum in support of their motion to dismiss this action.

This action is required to be dismissed under the plain terms of the Securities Litigation Uniform Standards Act ("SLUSA"). As the Ninth Circuit has explicitly held — and as the plain terms of SLUSA incontrovertibly require (15 U.S.C. § 78bb(f)(1), (2)) — where, as here, an action is properly removed under SLUSA, dismissal is required. *See Patenaude* v. *Equitable Life Assurance Soc'y*, 290 F.3d 1020, 1023-24 (9th Cir. 2002) ("SLUSA provides for the removal and dismissal of class actions brought pursuant to state law alleging misrepresentations in connection with the purchase or sale of a covered security."); *Araujo* v. *John Hancock Life Ins. Co.*, 206 F. Supp. 2d 377, 380 (E.D.N.Y. 2002) ("SLUSA directs the removal and dismissal of class actions brought under state law alleging misrepresentation in connection with the purchase or sale of a covered security.").

Defendants removed this action on October 25, 2006. Initially, the plaintiffs filed a motion for remand arguing that SLUSA did not apply to this action. However, when faced with defendants' oppositions to remand (dated December 15, 2006) showing that SLUSA by its plain terms did apply, plaintiffs Natalie Gordon, Max Phillips, Lou Ann Murphy, Leonard Shapiro, and Deborah Barnum (the "Gordon Plaintiffs") proceeded to *withdraw* their remand motion. *See* Docket ("Doc.") #38, 40.[1]

---

[1] Another plaintiff in this consolidated action — Iron Workers Tennessee Valley Pension Fund ("Iron Workers") — which had previously filed its own, separate remand motion, dismissed its complaint altogether. *See* Doc. #39, 40.

Having thus conceded — as they must — that removal was proper and that remand is unavailable, the only remaining course under SLUSA and the governing case law is for this action to be dismissed.

### Proceedings in this Court

This consolidated class action comprises eight putative class actions that were filed almost immediately after Harrah's disclosed on October 2, 2006 that it had received a buyout proposal from Apollo Management, L.P. ("Apollo") and Texas Pacific Group ("TPG").[2] The complaints purport to allege claims against Harrah's, its directors, and (in some of the cases) Apollo and TPG in connection with the proposal received on October 2.

On October 25, 2006, defendants removed this action to this Court under SLUSA. Plaintiffs waited until the last possible day — November 27 — to file two separate motions to remand: (1) a motion filed by the Gordon Plaintiffs; and (2) a motion filed by plaintiff Iron Workers.[3] Defendants timely opposed these motions in papers submitted on December 15.

Faced with defendants' clear showing that removal was entirely proper and remand could not succeed, plaintiffs sought to abandon their position entirely. As noted above, the Gordon

---

[2]  See *Gordon v. Harrah's Entertainment, Inc., et al.*, Case No. A529183; *Murphy v. Harrah's Entertainment, Inc., et al.*, Case No. A529246; *Phillips v. Harrah's Entertainment, Inc., et al.*, Case No. A529184; *Shapiro v. Alexander, et al.*, Case No. A529247; *Barnum v. Alexander, et al.*, Case No. A529277; *Iron Workers Tennessee Valley Pension Fund v. Harrah's Entertainment, Inc., et al.*, Case No. A529449; *Staehr v. Harrah's Entertainment, Inc., et al.*, Case No. A529385; *Berliner v. Harrah's Entertainment, Inc., et al.*, Case No. A529508; *Frechter v. Harrah's Entertainment, Inc., et al.*, Case No. A529680. As noted above, the *Iron Workers* action was voluntarily dismissed on January 5, 2007. See Doc. #39, 40.

[3]  Plaintiff Jay Frechter formally joined Iron Workers' motion to remand on December 5. Doc. #24. Mr. Frechter has never filed any papers in support of that motion, and in the wake of Iron Workers' voluntary dismissal, has expressed no continuing intention to press the motion. In any event, any attempt to resuscitate Iron Workers' remand motion would be futile, because Mr. Frechter's action is plainly barred by SLUSA and must be dismissed on that basis.

Two additional plaintiffs — Steve Staehr and Martin Berliner — did not move to remand their respective actions in the first instance, and have therefore conceded (along with the Gordon Plaintiffs) that their actions are SLUSA-barred and subject to dismissal.

Plaintiffs formally withdrew their motion to remand on January 5, 2007 (Doc. #38, 40), thereby conceding the propriety of removal of this action pursuant to SLUSA. Plaintiff Iron Workers obtained a voluntary dismissal of its complaint that same day. Doc. #39, 40.

## Argument

### DISMISSAL IS REQUIRED UNDER SLUSA.

Having withdrawn their contention that remand of this action to Nevada state court would be proper, plaintiffs have conceded that this action is required to be dismissed under SLUSA. Where (as here) a case is properly removed pursuant to SLUSA, it *necessarily* must be dismissed. *See, e.g., Patenaude*, 290 F.3d at 1023-24 ("SLUSA provides for the removal and dismissal of class actions brought pursuant to state law alleging misrepresentations in connection with the purchase or sale of a covered security."); *Araujo*, 206 F. Supp. 2d at 380 (same). *See also, e.g., In re Edward Jones Holders Litig.*, 453 F. Supp. 2d 1210, 1217 (C.D. Cal. 2006) ("It is well established that, once a court determines that a given state law action is preempted by the SLUSA, it must be dismissed.").

While the Gordon Plaintiffs' withdrawal of their motion to remand itself suffices to demonstrate that this class action is SLUSA-barred, and therefore required to be dismissed, there can be no serious dispute that dismissal would be required even *absent* such a concession. For, as set forth in defendants' memoranda of law dated December 15 in opposition to plaintiffs' (since-withdrawn) motions to remand, which are hereby incorporated by reference to avoid repetition, this action falls squarely within SLUSA's core provision. Dismissal is therefore required. *See* Memorandum of Law Submitted by Defendants Apollo Management, L.P. and Texas Pacific Group in Opposition to Plaintiffs' Motions to Remand, filed December 15, 2006; Defendants Harrah's, Loveman's, and Atwood's Consolidated Memorandum in Opposition to Plaintiffs' Motions for Remand, filed December 15, 2006.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss should be granted.

Dated: January 22, 2007

Respectfully submitted:

MORRIS PICKERING & PETERSON

By: __/s/ Rosa Solis-Rainey__

    Steve Morris, Bar No. 1543
    Rosa Solis-Rainey, Bar No. 7921
    900 Bank of America Plaza
    300 South Fourth Street
    Las Vegas, NV 89101
    Tel: (702) 474-9400
    Fax: (702) 474-9422

    Paul H. Dawes (pro hac vice)
    Latham & Watkins LLP
    140 Scott Drive
    Menlo Park, CA 94025-3625
    Tel: (650) 328-4500
    Fax: (650) 463-2600

    Joseph J. Frank (pro hac vice)
    Latham & Watkins LLP
    885 Third Avenue, Suite 1000
    New York, NY 10022-4834
    Tel: (212) 906-1200
    Fax: (212) 751-4864

    Charles W. Cox (pro hac vice)
    Latham & Watkins LLP
    633 West 5th Street, Suite 4000
    Los Angeles, CA 90071-2007
    Tel: (213) 485-1234
    Fax: (213) 891-8763

*Attorneys for Defendants Harrah's Entertainment, Inc., Gary W. Loveman & Charles L. Atwood*

| | |
|---|---|
| McDONALD CARANO WILSON LLP | LIONEL SAWYER & COLLINS |
| By: /s/ Andrew P. Gordon | By: /s/ G. Lance Coburn |
| Andrew P. Gordon, Bar No. 3421<br>2300 W. Sahara Avenue, Suite 1000<br>Las Vegas, Nevada 89102<br>Tel: (702) 873-4100<br>Fax: (702) 873-9966 | G. Lance Coburn, Bar No. 6604<br>1700 Bank of America Plaza<br>300 South Fourth Street<br>Las Vegas, Nevada 89101<br>Tel: (702) 383-8888<br>Fax: (702) 383-8845 |
| *Attorneys for Special Committee Defendants Barbara T. Alexander, Frank J. Biondi, Jr., Stephen F. Bollenbach, Ralph Horn, R. Brad Martin, Gary G. Michael, Robert G. Miller, Boake A. Sells, and Christopher J. Williams* | *Attorneys for Defendants Apollo Management, L.P. and Texas Pacific Group* |
| | WACHTELL, LIPTON, ROSEN & KATZ<br>Paul Vizcarrondo<br>Ben M. Germana<br>51 West 52nd Street<br>New York, New York 10019<br>Tel: (212) 403-1000<br>Fax: (212) 403-2000 |
| | *Attorneys for Defendant Apollo Management, L.P.* |
| | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| | Deborah M. Buell (pro hac vice)<br>Jason P. Gottlieb (pro hac vice)<br>One Liberty Plaza<br>New York, New York 10006<br>Tel: (212) 225-2000<br>Fax: (212) 225-3999 |
| | *Attorneys for Defendant Texas Pacific Group* |

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS PICKERING & PETERSON, and that the following documents were served via electronic service:

**DEFENDANTS' MOTION TO DISMISS**

TO:   None

I further certify that I am familiar with the firm's practice of collection and processing documents for mailing; that in accordance therewith, I caused the above-named document to be deposited with the U.S. Postal Service at Las Vegas, Nevada, in a sealed envelope, with first class postage prepaid, on the date and to the addressee(s) shown below:

G. Mark Albright
Albright, Stoddard, Warnick & Albright
801 South Rancho Drive #D4
Las Vegas, Nevada 89106
Fax: (702) 384-0605

Ike L. Epstein
Beckley Singleton, Chtd.
530 Las Vegas Blvd., South
Las Vegas, Nevada 89101
Fax: (702) 385-9447

_____
An Employee of Morris Pickering & Peterson