UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MAX PHILLIPS, et al.,

      Plaintiffs,

v.                                  2:06-CV-01356-PMP-LRL

HARRAH'S ENTERTAINMENT, INC., et al.,     O R D E R

      Defendants.

Presently before the Court is Plaintiff Iron Workers Tennessee Valley Pension Fund's Notice of Motion and Motion to Remand Action to State Court (Doc. #14) with supporting affidavit (Doc. #15), filed on November 27, 2006. Plaintiff Jay Frechter filed a Joinder in Iron Workers Tennessee Valley Pension Fund's Motion to Remand Action to State Court (Doc. #24) on December 5, 2006. Defendants Apollo Management, L.P. and Texas Pacific Group filed an Opposition to Plaintiffs' Motion to Remand (Doc. #26) on December 15, 2006. Plaintiffs did not file a reply.

**I.    BACKGROUND**

This action arises out of several complaints filed in Nevada state court alleging Defendants breached their fiduciary duties to Defendant Harrah's Entertainment, Inc.'s shareholders by considering an offer to buy Harrah's Entertainment, Inc. stock at approximately $81 per share despite an allegedly higher share value. (Notice of Removal [Doc. #1], Exs. A-E, G-K.) The Nevada state court consolidated the first five of these actions into In re Harrah's Shareholder Litigation and directed that any future complaints

arising out of the same or substantially similar facts would be consolidated as well until further order of the state court.  (Notice of Removal, Ex. F.)

       Among the various complaints filed in state court, Plaintiff Iron Workers Tennessee Valley Pension Fund ("Iron Workers") filed a class action complaint on October 5, 2006, asserting breach of fiduciary duty and requesting as relief that the Court enjoin Defendants from proceeding with the sale without first retaining independent financial advisers and disclosing material facts related to the transaction.  (Notice of Removal, Ex. H.)  Plaintiff Jay Frechter ("Frechter") filed a class action complaint on October 10, 2006, asserting breach of fiduciary duty and requesting similar injunctive relief.  (Notice of Removal, Ex. K.)  Defendants removed all the consolidated actions in <u>In re Harrah's Shareholder Litigation</u> to this Court on October 25, 2006, asserting federal jurisdiction based on the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").  (Notice of Removal.)

       Plaintiff Iron Workers filed a motion to remand its Complaint to state court, arguing it was not a "covered action" removable under SLUSA because Plaintiff Iron Workers sought no damages.  Iron Workers also argued its Complaint was not part of the action consolidated in <u>In re Harrah's Shareholder Litigation</u> and thus Defendants could not remove Iron Workers' Complaint as a related action.  Plaintiff Frechter filed a joinder in Plaintiff Iron Workers' motion to remand, but made no arguments specific to his Complaint.

       On January 5, 2007, Plaintiff Iron Workers filed a Notice of Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil procedure 41(a)(1) (Doc. #39). Plaintiff Iron Workers noted that because Defendants had not yet filed an answer, Plaintiff Iron Workers was entitled to voluntarily dismiss its Complaint without prejudice.  The Court entered an Order (Doc. #40) acknowledging Plaintiff Iron Workers' voluntary dismissal without prejudice.

///

## II.      DISCUSSION

Because Plaintiff Iron Workers has filed a voluntary dismissal of its Complaint, the Court will deny its motion to remand as moot.  However, Plaintiff Frechter joined in the motion and requests remand, asserting lack of subject matter jurisdiction.  The Court therefore will consider Plaintiff Frechter's joinder.

Following Congressional efforts to impose stricter pleading requirements and other restrictions on securities class actions, plaintiffs began to avoid the federal forum and brought an increasing number of securities class actions relying on state law in state court. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 126 S. Ct. 1503, 1510-11 (2006).  To combat this evasion of federal statutes' purposes and to prevent the shift of litigation involving nationally traded securities from federal to state courts, Congress enacted SLUSA.  Id.  SLUSA amends both the Securities Act of 1933 and the Securities Exchange Act of 1934 and preempts state-law securities actions under certain circumstances.  Smith v. Arthur Andersen LLP, 421 F.3d 989, 1006-07 (9th Cir. 2005).  Pursuant to SLUSA,

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging--
>     (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
>     (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1).  A "covered class action" means:

> (i) any single lawsuit in which--
>     (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or
>     (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to

3

>those persons or members of the prospective class predominate
>over any questions affecting only individual persons or members;
>or
>(ii) any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which--
>   (I) damages are sought on behalf of more than 50 persons; and
>   (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

15 U.S.C. § 78bb(f)(5)(B). Although a state court action alleging only state law violations ordinarily would not be removable to federal court based on federal question jurisdiction, SLUSA specifically provides for removal for covered actions. 15 U.S.C. § 78bb(f)(2); Patenaude v. Equitable Life Assurance Soc'y of U.S., 290 F.3d 1020, 1023 (9th Cir. 2002).

Plaintiff argues its Complaint is not a "covered action" because it seeks only equitable relief, not damages. Additionally, Plaintiff asserts its action is not part of the consolidated action removed to this Court and should be treated independently from that action for removal purposes. Defendants respond that Plaintiff's Complaint is part of the consolidated action as shown by the docket entries in state court. Additionally, Defendants argue that even if the Court considered Plaintiff's Complaint standing alone, it is a "covered action" because it does not limit itself to equitable relief. Defendants assert the Complaint is artfully pled to avoid the appearance of pleading damages, but the Complaint requests "other relief" and makes a demand for a jury trial which ordinarily is not permitted in cases that seek only equitable relief.

Plaintiff's Complaint is part of a group of lawsuits filed in Nevada state court that involve common questions of law or fact. Plaintiff's Complaint alleges breach of fiduciary duty related to the same offer to buy Harrah's Entertainment, Inc. stock as the Complaints consolidated in In re Harrah's Shareholder Litigation. The other complaints in the consolidated action seek damages on behalf of class members, and Plaintiff does not assert these classes represent less than fifty persons. The state court ordered that newly filed actions arising out of the same factual circumstances would be consolidated unless and until

4

the court ordered otherwise.  Pursuant to that order, Plaintiff Frechter's Complaint was consolidated with <u>In re Harrah's Shareholders Litigation</u>.  (Mem. of Law Submitted by Defs. Apollo Mgmt., L.P. & Texas Pacific Group in Opp'n to Pls.' Mot. to Remand [Doc. #26], Ex. 30.)  Accordingly, even though Plaintiff Frechter's Complaint does not seek damages, it is part of a group of consolidated cases filed in the same court involving common questions of law and fact which seeks damages on behalf of more than fifty persons.  Plaintiff argues its Complaint should not have been consolidated in state court pursuant to a stipulation to which it was not a signatory, but SLUSA does not "affect the discretion of a State court in determining whether actions filed in such court should be joined, consolidated, or otherwise allowed to proceed as a single action." 15 U.S.C. § 78bb(5)(F).  Plaintiff Frechter's Complaint therefore is a "covered action" under SLUSA and removal was proper.  The Court will deny Plaintiff Frechter's joinder in Plaintiff Iron Workers' motion to remand.

**III.    CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff Iron Workers Tennessee Valley Pension Fund's Notice of Motion and Motion to Remand Action to State Court (Doc. #14) is hereby DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff Jay Frechter's Joinder in Iron Workers Tennessee Valley Pension Fund's Motion to Remand Action to State Court (Doc. #24) is hereby DENIED.

DATED:   February 12, 2007

_____
PHILIP M. PRO
United States District Judge